CASSANDRA MATYE,

        Plaintiff,                                   Case No.

        v.

VORTEQ COIL FINISHERS, LLC,

        Defendant.

## NOTICE OF REMOVAL

Defendant Vorteq Coil Finishers, LLC ("Defendant"), by its attorneys, Fisher Phillips, LLP, hereby gives notice of removal of this civil action filed in the Circuit Court for Waukesha County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446. The ground for removal is as follows:

1.      Plaintiff filed this action in the Circuit Court for Waukesha County, Wisconsin, on September 22, 2025, as Case No. 2025CV001821.

2.      Defendant was served with the Summons and Complaint on September 25, 2025. (*See* Ex. A, Dec. Roff.)

3.      This Notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999).

4.      The Complaint alleges that Defendant negligently hired, trained, supervised, and retained its CEO and that such negligence led to sexual harassment and Plaintiff's termination. (Ex. A at ¶¶ 1, 29–31.)

FP 60053032.5

5.      Federal jurisdiction exists under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (28 U.S.C. § 1332(a), 1441(a).)

6.      By filing this Notice of Removal, Defendant admits no liability, concedes no factual allegations, and waives no defenses. Removal is sought solely to ensure proper federal jurisdiction. Any reference to the amount in controversy reflects only Plaintiff's claimed damages—not Defendant's position on their validity or value.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

7.      Diversity jurisdiction exists when all plaintiffs are citizens of states different from all defendants. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941).

8.      Per the Complaint, Plaintiff is a citizen of Wisconsin. (Ex. A at ¶ 5.)

9.      For purposes of diversity jurisdiction, a limited liability company's (LLC) and partnership citizenship is determined by the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). A corporation is deemed a citizen of both its state of incorporation and the state that serves as its principal place of business, defined as its "nerve center" where senior officers direct, control, and coordinate the company's activities. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); 28 U.S.C. § 1332.

10.      Defendant is a Delaware LLC with its principal place of business located at 135 Allegheny Ave., Suite A, Oakmont, Pennsylvania, 15139, whose sole member is Pittsburgh Coil Holdings, LLC ("Pittsburgh Coil").

11.      Pittsburgh Coil is a Delaware LLC with its principal place of business located at 135 Allegheny Ave., Suite A, Oakmont, Pennsylvania, 15139, and has six members:

FP 60053032.5

        a.        One member is a corporation incorporated in Delaware with a principal place of business in Texas.

        b.        Four members are LLCs with members who are citizens of Arizona, California, Colorado, Delaware, Florida, Illinois, Indiana, Maryland, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, South Carolina, Tennessee, and Texas.

        c.        One member is a limited partnership with partners who are citizens of Delaware, Maryland, and Texas

12.     Because Plaintiff is a citizen of Wisconsin and Defendant's citizenship lies solely in other states, complete diversity exists. *See City of Indianapolis*, 314 U.S. at 69.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.     Federal diversity jurisdiction also requires that the amount in controversy exceed $75,000, exclusive of interest and costs. (28 U.S.C. § 1332(a).)

14.     "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).

15.     A removing defendant need only present "a plausible allegation" that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).[1]

---

[1]Once a good-faith estimate is made, jurisdiction is defeated only if it is "legally impossible" for the plaintiff to recover that amount. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

16.     Here, Plaintiff's own allegations illustrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

17.     Although the Complaint does not specify the dollar amount of damages sought, Plaintiff alleges extensive and severe harm—including her termination resulting in lost wages and benefits; damage to reputation, trade, business, and profession; humiliation; mental anguish; stress and injury to physical and mental well-being; and harm to personal relationships. (Ex. A at ¶¶ 26, 28, 31.) These categories of compensatory damages, taken together, reasonably place the amount in controversy well above the $75,000 jurisdictional threshold.

18.     For example, Plaintiff seeks lost wages and benefits following her termination on August 19. 2025. (Ex. A at ¶ 23.) Plaintiff earned an annual salary of $97,591.92 and received an additional 7.5% discretionary bonus, for total annual earnings of approximately $105,000. (Ex. B, Dec. McDonel at ¶ 3.) One year of lost wages alone would meet or exceed the $75,000 jurisdictional threshold—without accounting for emotional distress.

19.     Wisconsin cases involving workplace sexual harassment routinely result in verdicts or settlements exceeding six figures when liability is established. (Ex. B, at ¶ 6.)

20.     The Complaint alleges that Defendant's behavior was so egregious that it warrants the imposition of punitive damages to punish and deter. Punitive damages count toward the amount in controversy. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

21.     If punitive damages are justified, courts often award one to three times the compensatory amount, easily exceeding the $75,000 threshold.

22.     Plaintiff also made a pre-removal demand that exceeds $75,000 (Ex. A at ¶ 4) and demonstrates that, by her own account, the value of this case far exceeds the $75,000 jurisdictional minimum, thereby satisfying the amount-in-controversy requirement. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006) (recognizing that a removing defendant may establish the amount in controversy by referencing a plaintiff's informal estimates or settlement demands, among other evidence, to show what the plaintiff stands to recover).

23.     Accordingly, the allegations set forth in the Complaint—if proven (though expressly denied)—would permit a factfinder to award over $75,000 in compensatory and punitive damages, thereby satisfying the amount in controversy requirement for federal diversity jurisdiction.

## VENUE

24.     Venue is proper in this District under 28 U.S.C. § 1441(a) because the Circuit Court for Waukesha County, where this action originated, lies within the Eastern District of Wisconsin, and Plaintiff resides in this District.

## COMPLIANCE

25.     In compliance with 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice with the Waukesha County Circuit Court Clerk and serve Plaintiff's counsel.

26.     Only the Summons and Complaint have been served on Defendant; true and correct copies are attached as Exhibit A to the Declaration of Elizabeth Roff.

## CONCLUSION

27.     Because complete diversity of citizenship exists between the parties and Plaintiff's claims place more than $75,000 in controversy, Defendant respectfully removes this action from

the Circuit Court for Waukesha County, Wisconsin, to the United States District Court for the

Eastern District of Wisconsin.

.

Dated this 27th day of October, 2025

/s/ Danielle M. Kays
Danielle M. Kays (Bar No. 6284321)
Attorneys for Defendant
FISHER & PHILLIPS LLP
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Tel.: (312) 346-8061
Email: dkays@fisherphillips.com

/s/ Emily Town
Emily Town (motion for pro hac vice
forthcoming
Attorneys for Defendant
FISHER & PHILLIPS LLP
Six PPG Place, Suite 830
Pittsburgh, PA 15222
Tel: (412) 822-6638
Email: etown@fisherphillips.com

/s/ Elizabeth Roff
Elizabeth Roff (motion for pro hac
vice forthcoming)
FISHER & PHILLIPS LLP
Attorney for Defendant
Tel: (612) 216-2763
Email: eroff@fisherphillips.com

FP 60053032.5